Filed 1/9/23 P. v. Suarez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079619 |
| v. | (Super. Ct. No. RIF153089) |
| ARTURO SUAREZ, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. William S. Lebov, Judge. Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Arturo Suarez Jr. appeals from a postjudgment order denying his Penal Code[1] section 1172.6 (formerly section 1170.95)[2] petition for resentencing under the procedures established by Senate Bill Nos. 775 and 1437. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Because the notice provided by this court to defendant was suboptimal, we independently review the record on appeal and affirm the judgment. (See *People v. Delgadillo* (Dec. 19, 2022) --- P.3d ---- 2022 WL 17748063 (*Delgadillo*).)

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

Defendant, who was a gang member, lost a fist fight to a senior gang member. As both parted ways and went to their respective vehicles, defendant grabbed a gun from his

---

[1] All future statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 for ease of reference unless otherwise indicated.

[3] A summary of the factual background is taken from this court's nonpublished opinion in defendant's direct appeal, case No. E057525 (*People v. Suarez* (Apr. 10, 2014, No. E057525) [nonpub. opn.] (*Suarez I*).)

vehicle and shot at the senior gang member while he was in his car. Specifically, defendant went across the street to his car, reached through the driver's window for his pistol, walked over to the victim's car, and fired at the passenger's side door of the victim's car more than six times. Defendant was about six feet away. (*Suarez I*, *supra*, E057525.)

Defendant shot the victim 10 times in the chest, shoulders, arms and finger. After four surgeries, including putting steel plates in his arms, the victim was released from the hospital five days after the shooting. The victim's rear, passenger-side car window was shattered and the car trunk, passenger-side bumper and inside door panel on the driver's side were damaged from bullet strikes. Two .40-caliber bullets and eight shell casings were recovered. Three of the casings were found in the car. No weapons were found inside or near the victim's car. (*Suarez I*, *supra*, E057525.)

After the shooting, defendant ran to his car and left the scene. He disposed of his gun and, fearing incarceration, fled to Las Vegas. Three months after the shooting, defendant was located and arrested. Defendant admitted to grabbing his gun from his vehicle and shooting at the victim, but claimed to do so in self-defense. Specifically, he testified he saw the victim reach under his car seat and pull something out. Defendant thought the victim was going to kill him, so he ran to his car. Glancing back, defendant saw the victim holding a gun and thought the victim was going to shoot him. Defendant grabbed his gun from his car and started firing at the victim's car because the victim had a gun pointed at him. Defendant feared for his life and that of his wife and one-month-

old son. As the victim drove away, defendant continued firing at the victim. (*Suarez I*, *supra*, E057525.)

On August 22, 2012, a jury convicted defendant of attempted murder (§§ 187, subd. (a), 664, subd. (a); count 1), felon in possession of a firearm (§ 29800, subd. (a); count 2); and discharging a firearm at an occupied vehicle (§ 246; count 4). The jury also found true as to count 1 that defendant personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), and that the attempted murder was not willful, deliberate or premeditated. As to count 4, the jury found true the allegation that defendant personally used a firearm. Defendant admitted his prior serious felony (§ 667, subd. (a)) and strike prior allegations (§§ 1170.12, subd. (c)(1), 667, subds. (c), (e)(1)). The jury found defendant not guilty of street terrorism (§ 186.22, subd. (a); count 3). The trial court sentenced defendant to 24 years four months, plus a consecutive term of 25 years to life in prison. (*Suarez I*, *supra*, E057525.)

Defendant appealed, arguing the trial court violated his constitutional rights by failing to instruct sua sponte on attempted voluntary manslaughter based on sudden quarrel or heat of passion, as a lesser included offense of attempted murder. We rejected defendant's contention, and on April 10, 2014, affirmed the judgment. (See *Suarez I*, *supra*, E057525.)

On January 1, 2019, Senate Bill No. 1437 became effective, which amended the felony-murder rule and the natural and probable consequences doctrine as it relates to murder. (See Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added

4

former section 1170.95 (now section 1172.6), which created a procedure for offenders previously convicted of murder to seek retroactive relief if they could no longer be convicted of murder under the new law. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, Senate Bill No. 775 clarified that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1.) This change in the law was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437, § 1, subd. (f).)

On January 12, 2022, defendant in propria persona filed a petition for resentencing pursuant to former section 1170.95.

Defendant was appointed counsel and a hearing was held on August 12, 2022. Quoting from this court's nonpublished opinion in defendant's direct appeal, the prosecutor informed the trial court that defendant had personally used a gun and "'shot the victim 10 times in the chest, shoulders and arms, and finger.'" The prosecutor also noted that defendant testified that he had shot the victim because he thought the victim had a gun, and he fled to Las Vegas. The prosecutor further pointed out that "[t]here were no instructions given to his jury regarding aiding and abetting, natural and probable consequences, or felony murder instructions." Defendant's counsel stated that she had reviewed this court's opinion in defendant's direct appeal, as well as the jury instructions,

5

and objected to the petition being denied without having spoken to defendant. The trial court denied the petition without explanation. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential issue of whether the court erred in denying defendant relief under section 1172.6, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Thus, no claim of error has been raised.

Recently, the California Supreme Court in *Delgadillo*, *supra*, 2022 WL 17748063 held that a defendant's appeal from a postjudgment appeal denying a section 1172.6 petition does not implicate a constitutional right to counsel, and thus, the appeal is not governed by *Wende* procedures applicable when appointed counsel files no-merits brief. (*Delgadillo*, *supra*, 2022 WL 17748063, at pp. *3-4.) Our high court reaffirmed that review pursuant to *Wende*, or its federal constitutional counterpart *Anders*, is required only in the first appeal of right from a criminal conviction. (*Delgadillo*, *supra*, at pp. *3-4; accord, *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) The *Delgadillo* court explained that it had "recently affirmed the proposition,

specifically in the context of section 1172.6, that '[t]here is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction.' [Citations.]" (*Delgadillo*, *supra*, 2022 WL 17748063, at p. *5, citing *People v. Lewis* (2021) 11 Cal.5th 952, 972; *In re Barnett* (2003) 31 Cal.4th 466, 475 [no federal or state "constitutional right to counsel for seeking collateral relief from a judgment of conviction via state habeas corpus proceedings"]; *People v. Shipman* (1965) 62 Cal.2d 226, 232 [observing the same in the context of coram nobis relief]; *Pennsylvania v. Finley*, *supra*, 481 U.S. at p. 557 [concluding "respondent has no underlying constitutional right to appointed counsel in state postconviction proceedings"].)

The *Delgadillo* court reasoned, "Given there is no constitutional right to counsel in a proceeding under section 1172.6, subdivision (c), it would 'defy logic' to conclude there is a constitutional right to counsel 'to appeal [that] state collateral determination.' [Citation.] Courts below have uniformly agreed that *Wende* procedures are not constitutionally required on an appeal from a denial of a postconviction petition under section 1172.6." (*Delgadillo*, *supra*, 2022 WL 17748063, at p. *5, citing *People v. Griffin* (2022) 85 Cal.App.5th 329, 333; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1130-1131, review granted March 17, 2021, S266853; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599; *People v. Allison* (2020) 55 Cal.App.5th 449, 456; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1039, review granted October 14, 2020, S264278; *People v. Flores* (2020) 54 Cal.App.5th 266, 269.)

7

Noting the broader protections already in place when a section 1172.6 petition is filed, the *Delgadillo* court also concluded that "general due process principles requiring fundamental fairness do not alter the outcome." (*Delgadillo*, *supra*, 2022 WL 17748063, at pp. *6-7.) Our high court ultimately concluded that the procedures set out in *Wende* do not apply to a section 1172.6 appeal, explaining "independent review does not further an individual's dignitary interest when counsel has already been given an opportunity to present any arguments, found no issues warranting briefing, and the defendant was notified that counsel found no issues but that the defendant could file supplemental briefing presenting any arguments." (*Delgadillo*, *supra*, at p. *7.)

Hence, while a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. In this case, we conclude defendant is not entitled to *Wende* review of an order denying his petition for resentencing under section 1172.6. (See *Delgadillo*, *supra*, 2022 WL 17748063, at pp. *3-7 [no *Wende* review for denial of postconviction petition to vacate sentence pursuant to section 1172.6].)

The *Delgadillo* court provided the following guidance for counsel and courts to follow in postconviction appeals from the denial of a section 1172.6 petition where counsel finds no arguable issues. "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the

8

petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.]" (*Delgadillo*, *supra*, 2022 WL 17748063, at p. *8.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citations.] If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter. [Citation.] While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal. [Citations.]" (*Delgadillo*, *supra*, 2022 WL 17748063, at p. *8.) Our high court noted the procedures were "not intended to be exhaustive" and that "the Courts of Appeal are free to adopt additional procedures as they see fit." (*Ibid*.)

The *Delgadillo* court thereafter examined the notice provided to the defendant by the Court of Appeal and concluded "the notice provided in this case was suboptimal." (*Delgadillo*, *supra*, 2022 WL 17748063, at p. *8.) The court explained: "Delgadillo's counsel did file a brief raising no arguable issues. The Court of Appeal also sent

9

Delgadillo notice of his right to file a supplemental brief, and yet he declined to do so. However, the notice the Court of Appeal sent Delgadillo and counsel affirmatively cited *Wende* after Delgadillo's counsel had filed a brief pursuant to *Wende*. The court advised Delgadillo by letter that '[c]ounsel appointed to represent appellant on appeal has filed appellant's opening brief. Counsel's inability to find any arguable issues may be readily inferred from the failure to raise any. (*People v. Wende*[, *supra*,] 25 Cal.3d [at p.] 442.' This notice directly implicates the core holding of *Wende*: 'We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally.' (*Wende*, *supra*, at pp. 441-442.) Delgadillo reasonably could have concluded from this notice that the *Wende* procedures would apply and that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief — even though the Court of Appeal later determined, without providing an opportunity to be heard on the matter, that *Wende* was inapplicable. The notice further did not inform Delgadillo that the appeal would be dismissed as abandoned if no supplemental brief or letter were filed. While arguing that the notice was adequate, the Attorney General concedes that the court should ordinarily 'give the appellant clear notice that the court will dismiss the appeal as abandoned if no supplemental brief is received.' We therefore conclude that the notice in this case was suboptimal." (*Delgadillo*, *supra*, 2022 WL 17748063, at p. *8.) Our high

10

court, nonetheless, determined, based on their independent review of the record, that Delgadillo was not entitled to any relief under section 1172.6 because his record was clear that Delgadillo was the actual killer and the only participant in the killing. (*Delgadillo*, *supra*, at p. *9.)

In this case, we likewise find our notice to defendant after his counsel filed a *Wende* brief to be "suboptimal." Our notice to defendant stated, "Counsel for appellant has filed a brief stating no arguable issues can be found (*People v. Wende*[, *supra*,] 25 Ca1.3d 436). The appellant is personally granted 30 days to file any supplemental brief deemed necessary." Defendant reasonably could have concluded from this notice that the *Wende* procedures would apply and that we would conduct an independent review of the record, even absent a supplemental brief. Our notice further did not inform defendant that the appeal would be dismissed as abandoned if no supplemental brief or letter were filed.

Nevertheless, we find, based on our independent review of the record, that defendant was not entitled to any relief under section 1172.6 because his record of conviction was clear that defendant was the actual killer and the only participant in the attempted killing. (See § 1172.6, subd. (a) ["A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or

11

manslaughter may file a petition with the court" to have the conviction vacated].) The trial court correctly denied defendant's section 1172.6 petition.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

12